O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1640 AHM (JEMx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | LIQUIDATION PROPERTIES INC. v. MARCOS LOPEZ LOPEZ, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

In March 2010, plaintiff Liquidation Properties Inc. ("Liquidation") filed an unlawful detainer action in San Bernardino County Superior Court naming Marcos Lopez Lopez and Marie E. Gamez-Lopez as defendants along with other unnamed defendants with alleged possessory interests in the property in question. On October 26, 2010, Maria Gamez-Lopez ("Defendant") removed this action to federal court, apparently on the basis of both federal question jurisdiction and diversity of citizenship.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386 (1987).

Defendant claims a federal question exists because of allegations made in the petition for removal, in which Defendant contends the unlawful detainer action "followed an improper and illegal foreclosure sale . . ." and that Defendant raises federal claims in her affirmative defenses. Notice of Removal p. 2. A federal court has jurisdiction over claims "arising under" federal law. 28 U.S.C. § 1331. The federal question must be clear from the well-pleaded complaint that was filed in state court; a responsive pleading such as a counterclaim, cross-claim, third-party claim, or notice of removal cannot form the basis for federal question jurisdiction, nor can affirmative defenses. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); *see also* William W. Schwarzer, et al., CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (2010) §§ 2:701, 2:704.5. The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1640 AHM (JEMx) | Date | November 15, 2010 |
|---|---|---|---|
| Title | LIQUIDATION PROPERTIES INC. v. MARCOS LOPEZ LOPEZ, et al. | | |

invoking the statute – here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Jurisdiction is assessed as of the time of removal. *Ghaderi v. United Airlines*, 136 F. Supp. 2d 1041 (N.D. Cal. 2001).

In this case, the underlying complaint for unlawful detainer clearly does not present a federal question and Defendant's own allegations in the petition for removal cannot establish a federal question. Therefore, there is no basis for federal question jurisdiction.

Defendant also seek removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Federal diversity jurisdiction demands an amount in controversy exceeding $75,000, and "[t]he amount in controversy is determined from the allegations or prayer of the complaint." Schwarzer, *supra*, § 2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.* 303 U.S. 283, 289 (1938)). Here, there is no allegation anywhere in the complaint suggesting the amount in controversy exceeds $75,000. Quite the opposite. Liquidation filed the complaint in California state court as a limited civil case. Jurisdiction in limited civil cases is confined to cases in which the amount of damages demanded is less than $25,000. Cal. Civ. Proc. Code § 86. The complaint's caption states "AMOUNT OF DAMAGES SOUGHT DOES NOT EXCEED $10,000". Moreover, Liquidation explicitly "waives all damages in excess of the jurisdictional limit of [the state court]." Complaint ¶ 12, attached as Exhibit A to Notice of Removal. Therefore, there is no basis for diversity jurisdiction.

Accordingly, the Court ORDERS, on its own motion, that this action be remanded to San Bernardino County Superior Court for lack of jurisdiction.

:

Initials of Preparer      SMO

**JS-6**